(No. 4045

Lucille Hayward, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 16, 1948.*

Oliver A. Clark, for Claimant.

George F. Barrett, Attorney General, for Respondent.

ECKERT, C. J.

The claimant, Lucille Hayward, is the widow of Henry Hayward, deceased, a former highway maintenance worker employed by the respondent in the Department of Public Works and Buildings, Division of Highways. On June 24, 1947, while helping to load a kettle of hot tar onto a truck, at the intersection of Sacramento Boulevard and Taylor Street, in Chicago, the kettle tipped over, throwing the decdent to the pavement. The molten bituminous material in the kettle ran over the pavement where decedent lay, coating his back and portions of his legs, arms, and head. He was immediately taken to Mount Sinai Hospital in Chicago and placed in charge of Dr. Joseph T. Gault, who reported to the respondent on July 18, 1947 that the decedent had suffered second and third degree burns. Dr. Gault also stated that the areas had become infected, and that treatment consisted of dressings, penicillin, plasma blood transfusions, vitamins, and a high protein diet.

Since the burns did not readily respond to treatment, the decedent was transferred on August 2, 1947 to St. Luke's Hospital, Chicago, and placed in care of Dr. H. B. Thomas, Professor Emeritus of Orthopedics, University of Illinois Medical College. Dr. Thomas reported an extensive infection of the burned areas, and decedent's condition became rapidly worse. He died on August 18, 1947. Claimant, as widow of the deceased employee, now seeks an award under the provisions of the Workmen's Compensation Act.

At the time of the accident which resulted in the death of Henry Hayward, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State and notice of the accident and claim for compensation were made within the

time provided by the act. The accident arose out of and in the course of decedent's employment.

During the year immediately preceding the accident which caused the death of Henry Hayward, his earnings totalled $2,060.00, so that his average weekly wage was $39.62, and his compensation rate was the maximum of $15.00 per week. Since the injury occurred subsequent to July 1, 1945, this must be increased 20%, making a compensation rate of $18.00 per week. The decedent had no children under sixteen years of age dependent upon him for support at the time of his death.

Claimant is entitled to an award under Section 7a of the Workmen's Compensation Act in the amount of $4,000.00. The death having occurred as a result of an injury sustained after July 1, 1945, this amount must be increased 20%, or $800.00. The decedent, however, was paid for the period from June 25, 1947 to August 18, 1947, for non-productive time, the total amount of $260.29, which must be deducted from any award made in this case.

An award is therefore made in favor of the claimant, Lucille Hayward, in the amount of $4,800.00, less the sum of $260.29 paid to the decedent for non-productive time, or the sum of $4,539.71 to be paid to her as follows:

$ 297.71, which has accrued, is payable forthwith;
$4,242.00, is payable in weekly installments of $18.00 per week beginning March 23, 1948 for a period of 235 weeks with an additional final payment of $12.00.

All future payments being subject to the terms and provisions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."